IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| RUBEN CASTRO, | ) | |
| | ) | |
| Movant, | ) | Civil No. 15-00420-CV-W-DW |
| | ) | Crim. No. 08-00224-06-CR-W-DW |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

# ORDER

Before the Court is Ruben Castro's (the "Movant") pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (the "Motion"). See Doc. 1. The Motion is fully briefed and ready for disposition. See Docs. 1, 6, 8. As explained below, the Motion is DENIED.

## I.[1]

On November 18, 2008, a Superseding Indictment charged the Movant in Count One with conspiracy to distribute cocaine, methamphetamine, and marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(C), and § 846. See Crim. No. 08-00224-06, Doc. 32. The Movant absconded prior to trial but was subsequently arrested in Texas. On June 25, 2013, and after returning to this district, the Movant entered a plea of guilty on Count One pursuant to a plea agreement.

The presentence investigation report stated in part that "[a]ccording to U.S.S.G. § 2D1.1(b)(1), a two-level enhancement is applied when a firearm is possessed. In this case, at the time of the defendant's arrest, located in his home were two 9mm hand guns, one empty 9mm magazine, one 9mm magazine containing 14 rounds of 9mm ammunition, one .22 round of

---

[1] Only those facts necessary to resolve the Motion are discussed below, and those facts are simplified to the extent possible.

ammunition, one box containing 36 rounds of 9mm ammunition, one box containing five rounds of 9mm ammunition, and $1,700 in United States currency." Id., Doc. 326, p. 19, ¶ 93.

The Movant's counsel filed an objection to the recommended two-level enhancement, and argued that the evidence did not show the firearms were connected to drug activity. Id., p. 28. At the Movant's sentencing hearing, Movant's counsel once again objected to the enhancement. Movant's counsel presented Movant's testimony on this issue and also cited case law that he believed weighed against application of the enhancement. After considering the record, the Court found that the two-level enhancement was applicable. The Court stated that "[i]t's clear that this weapon was used by the defendant in his drug business, and there's a clear spatial connection, and they were found in the bedroom . . . [t]he two-point enhancement should be applied." Id., Doc. 342, p. 35. The Court sentenced Movant to a 135-month term of imprisonment and five years of supervised release.

On May 28, 2015, Movant filed the pending Motion for habeas relief. The Motion raises two grounds: (1) ineffective assistance of counsel because his attorney allegedly "led the [Movant] into an invalid plea based upon coercion from the prosecution;" and (2) ineffective assistance of counsel because his attorney allegedly failed to challenge the two-level enhancement under § 2D1.1(b)(1). See Civil No. 15-00420, Doc. 1, p. 4-5, 14-22. With respect to the first ground for relief, Movant argues that "he only entered a guilty plea after the government threatened to charge his wife with conspiracy." Doc. 1, p. 17; Doc. 1-1, Affidavit of Movant. With respect to the second ground for relief, Movant argues that his attorney failed to "challenge the government to show a provable nexus between the weapon and the drug offense." See Doc. 1, p. 17-22. As explained below, both arguments are contradicted by the record.

II.

To prevail on an ineffective assistance of counsel claim, a movant "must demonstrate (1) trial counsel's performance was so deficient as to fall below an objective standard of the customary skill and diligence displayed by a reasonably competent attorney, and (2) trial counsel's deficient performance prejudiced the defense." United States v. Martinez-Salinas, 573 F.3d 595, 598-599 (8th Cir. 2009) (citations and quotations omitted). The first element requires a movant to overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland v. Washington, 466 U.S. 668, 689 (1984). To establish the second element, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Relief is precluded unless both elements are satisfied. Pryor v. Norris, 103 F.3d 710, 713 (8th Cir. 1997).

Here, Movant's first argument is that his counsel was ineffective for leading him into a plea agreement based on coercion from the prosecution. At Movant's change of plea hearing, however, the Court explicitly asked "Have you been threatened or coerced in any manner to cause you or to force you to enter into this plea agreement?" The Movant responded "No." See Crim. No. 08-00224, Doc. 341, p. 32. The Court also asked Movant a second time "have you been threatened or coerced in any manner to cause you to plead guilty here this afternoon to Count One?" The Movant again responded "No." Id., p. 33. The Movant also acknowledged and accepted his guilt at the hearing.

Under these circumstances, the Movant's newly-created claim of coercion is contradicted by his own statements under oath at the change of plea hearing. In addition, and other than his own contradictory statements, the Movant has presented no evidence in support of this argument.

Therefore, the Court rejects the Movant's first ground for relief.  See Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997) (recognizing that statements at a plea hearing "carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings") (citations and quotations omitted).

The Movant's second ground for relief—that his attorney was ineffective for failing to challenge the two-level enhancement—is also contradicted by the record.  As discussed above, the Movant's attorney filed an objection to the enhancement.  At the sentencing hearing, the Movant's attorney also objected to the enhancement, presented the Movant's testimony to dispute the enhancement, and presented legal argument against application of the enhancement.  Although these efforts were not successful, the record shows that Movant's attorney adequately challenged the enhancement.  See Bryant v. United States, 2011 WL 6812900, at * 20 (E.D. Mo. Dec. 28, 2011) ("That he was unsuccessful does not make the attorney ineffective.").  Therefore, the Movant's second ground for relief is also rejected.

## III.

For the foregoing reasons, it is hereby ORDERED that:

(1) Movant's Motion Under 28 U.S.C. § 2255 (Doc. 1) is DENIED; and

(2) an evidentiary hearing is not necessary for the reasons set forth above; and

(3) a certificate of appealability will not issue because Movant has not made a substantial showing of the denial of a constitutional right.

The Clerk of Court is directed to mail a copy of this Order to the Movant via certified mail, return receipt requested, at his last known address.

Date: September 23, 2015                            /s/ Dean Whipple
                                                    Dean Whipple
                                                    United States District Judge